HELEN LIVINGSTON ET AL., APPELLEES, V. THEODORE C. LIVINGSTON ET AL., APPELLANTS.

[FILED MARCH 19, 1890.]

Deeds: CONSIDERATION: GIFTS: DESCENT. In 1879 one Theodore S. Livingston, a son of B. F. Livingston but not of Helen Livingston, the wife of B. F., together with Thomas, a son of B. F. and Helen Livingston, purchased certain real estate in the city of Omaha jointly, but the title to the same was taken in the name of Theodore. At that time B. F. and wife, Thomas and Theodore, with two young children of the latter, resided on the premises so purchased and constituted one family, the household duties being performed by Helen, and the family being supported by Thomas and Theodore in about equal proportions. Objections were made by B. F. that the title of the property had been taken in the name of Theodore alone, when Thomas had contributed in equal degree to the payment of the same, and he seems to have made charges of an intent on the part of Theodore to defraud Thomas, which were denied and the claim of Thomas admitted. Soon afterwards a quitclaim deed without consideration for the premises in question was executed by both Theodore and Thomas to Helen. A few months after the execution of the latter deed B. F. and wife removed to Dakota territory, the children of Theodore accompanying them. The taxes and all charges against the property were paid by Thomas and Theodore. In 1882 Theodore wrote to Helen requesting a

reconveyance of the premises, and in the same year Thomas, on making them a visit, requested his mother to make a deed therefor which she soon afterwards did to Thomas and Theodore. Thomas having died, the heirs of the full blood brought an action against Theodore to disposess him on the ground that the conveyance to Thomas and Theodore was a gift from Helen and that therefore they would inherit to the exclusion of heirs of the half blood. *Held,* That as Thomas and Theodore had purchased and paid for the property and were in fact the owners, the conveyance of the legal title to them by Helen was in recognization of their ownership and was not a gift.

APPEAL from the district court for Douglas county. Heard below before WAKELEY, J.

*Clinton N. Powell,* for appellants:

The real estate conveyed to Helen Livingston by Theodore and Thomas was charged with a trust, so far at least. as Thomas was concerned. (Perry on Trusts [3d Ed.], secs. 139, 144; 4 Kent [13th Ed.], 529; *Russ v. Mebius,* 16 Cal., 350; *Merle v. Mathews,* 26 Id., 455; *Powell v. Mfg. Co.,* 3 Mason [U. S.], 347; *Gardiner Bank v. Wheaton,* 8 Greenleaf [Me.], 379; *Livermore v. Aldrich,* 5 Cush. [Mass.], 435, and cases cited; Devlin, Deeds, sec. 822, and cases cited, sec. 1189.) Even if no such trust resulted, the conveyance from Helen to Thomas was not a gift within the meaning of sec. 33, ch. 23, Comp. Stats., because (1) there was a sufficient consideration for it in the prior conveyance to Helen (2 Kent [13th Ed.], 664; *Russ v. Mebius, supra*); (2) such a construction is opposed to the clear intent of the statute.

*John L. Webster, contra:*

Under the pleadings, no trust relationship could be proven by parol testimony in violation of the recitals in the deed. (Perry, Trusts [3d Ed.], 162; Pomeroy, Eq. Jur., secs. 1035–6; *Gould v. Lynde,* 114 Mass., 366; *Sturtevant v. Sturtevant,* 20 N. Y., 39; *Wheeler v. Reynolds,*

66 N. Y., 234; *Squire v. Harder*, 1 Paige [N. Y.], 494; *Minot v. Mitchell*, 30 Ind., 234; *Multon v. Watkins*, 24 Ala., 433; *Ratcliff v. Ellis*, 2 Ia., 59; *Bird v. Morrison*, 12 Wis., 153; *Rasdall's Admr. v. Rasdall*, 9 Wis., 350; *Greene v. Cates*, 73 Mo., 115.) The conveyance from Helen to Theodore and Thomas was a gift. (*Mc Willie v. Van Vacter*, 35 Miss., 428; *McClure v. Miller*, 1 Bailey Ch. [S. Car.], 107; *Peck v. Vandenberg*, 30 Cal., 11; *Salmon v. Wilson*, 41 Id., 595; *Bradley v. Love*, 60 Tex., 472; *Ross v. Adams*, 28 N. J. L., 160; *Peck v. Walton*, 26 Vt., 85.) Further, as to the legal signification of the word "gift": 2 Bl. Com., 317; 1 Devlin, Deeds, sec. 11; *Pierson v. Armstrong*, 1 Ia., 282; *Poullain v. Poullain*, 4 S. E. Rep. [Ga.], 81; *Johnson v. Griffin*, 7 Id., 94; *Beall v. Clark*, 71 Ga., 818, 851; *Wallace v. Reddick*, 119 Ill., 157; *Comer v. Comer*, Id., 179; *McCarty v. Kearman*, 86 Ill., 296; *Chesnut v. Chesnut*, 15 Ill. App., 449; *Neale v. Neale*, 9 Wall. [U. S.], 8; *Gilligan v. Lord*, 51 Conn., 566; *Allison v. Burns*, 107 Pa. St., 53; *Morris v. Ward*, 36 N. Y., 587; *Ashton v. Thompson*, 32 Minn., 25; *Cooke v. Young*, 2 Utah, 259; *Palmer v. Sterling*, 41 Mich., 220–1; *Drummond's Ex'r v. Drummond*, 26 N. J. Eq., 237; *Sower v. Weaver*, 78 Pa. St., 448; *Murphy v. Stell*, 43 Tex., 123; *Boze v. Davis*, 14 Id., 331; *Curlin v. Hendricks*, 35 Id., 246; *Syler v. Eckhart*, 1 Binney [Pa.], 380; *Wolfe v. Kabe's Lessee*, 107 Ind., 566; *McMahill v. McMahill*, 69 Ia., 117; *Aubert's Appeal*, 109 Pa. St. [1885], 456; *Weller v. Weller*, 44 Hun, 176; *Baldock v. Johnson*, 14 Or., 549; *Wamsley v. Lincicum*, 68 Ia., 557; *Golding v. Golding*, 82 Ky., 59; *Nichols v. McCarthy*, 53 Conn., 321; *Worrall's Appeal*, 110 Pa. St., 359; *Kurtz v. Hibner*, 55 Ill., 521.

MAXWELL, J.

This is an action to have certain real estate described in the petition declared to have come to one Thomas S. Liv-

ingston, deceased, by gift from his step-mother, Helen Livingston, and that said land be decreed to the plaintiffs and that the defendants be excluded therefrom. On the trial of the cause the court below found the issue in favor of the plaintiff, and rendered a decree accordingly. The defendants appeal.

It is alleged in the petition that "on or about the 29th day of March, 1886, Thomas S. Livingston, of the city of Omaha, in the state of Nebraska, died intestate;" that at the time of his death said Thomas S. Livingston was seized of an estate in fee simple of the undivided half of the following described real estate, situated in the county of Douglas, state of Nebraska, and known as the east one-half of lot 6, in block H, in the city of Omaha; that said Thomas S. Livingston, deceased, left no issue nor other lineal descendants, nor widow, nor father living at the time of his death.

"The plaintiff Helen Livingston is the mother, the plaintiff Ella E. Jones is the sister of the whole blood, and the plaintiff Benjamin F. Livingston is the brother of the whole blood of said Thomas S. Livingston, deceased; the defendants Theodore C. Livingston, Charles C. Livingston, and Henry Livingston are the respective brothers and sisters of the half blood of said Thomas S. Livingston, deceased.

" The said land above described, of which said intestate was seized and possessed of the undivided half interest therein at the time of his death, came to said intestate from his said mother by a deed of quitclaim, duly executed and delivered on or about the 30th day of September, 1882. Said deed was duly recorded in book 43 of Douglas county records of deeds at page 453. The consideration named in said deed is the sum of one dollar, but in truth and in fact said intestate gave no valuable consideration for said land. Said conveyance was made wholly without any valuable consideration and was intended by the parties thereto so to

be made. Said conveyance was voluntarily made to said intestate by his said mother, Helen Livingston, for no other consideration than her natural love and affection for him. Said land came to said intestate by said deed as a gift from his said mother.

"Further complaining, the plaintiffs say that, by the laws of descent of the state of Nebraska, when any person dies seized of an estate in fee simple in lands, not having fully devised the same, leaving neither issue nor other lineal descendants, nor widow, nor father living at the time of his death, said estate descends in equal shares to his mother, his brothers and sisters, and to the children of any deceased brother or sister by right of representation," etc.

To this petition the defendants answered, in part, as follows: "Further answering said petition, said defendants allege that said premises originally came to said intestate and to said defendant Theodore C. Livingston, jointly, by purchase from the city of Omaha, in the state of Nebraska; that the premises were by said city of Omaha conveyed to said Theodore C. Livingston by a warranty deed dated December 16, A. D. 1879, and duly recorded in the office of the clerk of Douglas county, Nebraska, on the 20th day of December, A. D. 1879, and recorded in book 29 of deeds, at page 541; that the consideration of said conveyance was the sum of $450; that the said consideration of said conveyance was paid jointly by said Theodore C. and Thomas S. Livingston in equal shares, and that said premises were mutually considered and acknowledged openly and always to be their joint property and were held and treated as such; that both said Thomas S. and Theodore C. Livingston intended to be named in said deed as joint grantees, but that said intestate's name was omitted from said deed by mistake; that from about February, A. D. 1879, to February, A. D. 1882, the family of said intestate consisted of plaintiff Helen Livingston and her husband, Benjamin F. Livingston, Sr., the intestate, Thomas S. Liv-

ingston, and the defendant Theodore C. Livingston and his two minor children, Harry T. and Albert Livingston; that said family lived during all of said period upon the premises above described; that as soon as the fact of the omission of the name of said Thomas S. Livingston from the deed of the said city of Omaha to said Theodore C. Livingston was known to him, the said defendant Theodore C. Livingston offered and agreed either to convey an undivided half interest in said premises to said intestate, or to convey the said premises to the mother of said intestate, said Helen Livingston, to be held in trust by her so long as she should remain upon said premises as a member of said family; that said latter offer was accepted, and said premises were so conveyed to said Helen Livingston by a quitclaim deed, dated January 15, A. D. 1880, and duly recorded in the office of the county clerk of Douglas county, Nebraska, on the 17th day of January, A. D. 1880, in book 30 of deeds, at page 14; that both the said intestate and said Theodore C. Livingston joined in said deed as grantors, and that said deed was without consideration; that for some years prior to said 15th day of January, A. D. 1880, to February, 1882, said Helen Livingston continued to reside upon said premises as a member of said family, during all of which time said Thomas S. and Theodore C. Livingston continued jointly to furnish all the means for the support of said family and all the members thereof, including the said plaintiff Helen Livingston; that means to pay all taxes, insurance, and to make all repairs and improvements on said premises during all this period and during all the time since the purchase of said premises from said city of Omaha as aforesaid, up to the time of the death of said intestate, were supplied and furnished wholly by said Thomas S. and Theodore C. Livingston jointly and in equal shares; that in the month of February, A. D. 1882, said Helen Livingston and her said husband removed from said premises to the territory of Dakota, and that at the time, or soon

thereafter, said Theodore C. and Thomas S. Livingston both requested her to reconvey said premises to them, but that she at first refused, and was only induced to do so after repeated and very urgent demands; that said Helen Livingston was never seized of said premises; that she simply held the same for a time in trust for said Thomas S. and Theoodore C. Livingston, who jointly furnished all the money, and money aggregating a large amount to purchase, improve, and maintain the same; that said Helen Livingston did not and could not convey them as a gift to any one; that she never contributed money or means of any kind or in any amount to the purchase, improvement, or maintenance thereof, and that for all purposes the interest of said intestate in the premises was acquired by purchase and not by gift."

The plaintiffs in their reply deny that the premises were purchased jointly by their intestate and Theodore C. Livingston, and deny that the consideration was paid jointly by them. They also deny "that the taxes, insurance, repairs, and improvements on said premises" were paid for or provided by said Thomas S. and Theodore C. Livingston. They admit that "from about July, 1877, to February, 1882, the family of said intestate consisted of the persons in the eleventh paragraph of plaintiffs' petition named, and that said family lived during said time upon the premises in controversy, but deny all the other allegations of the petition.

The testimony shows that in the year 1879 Theodore C. Livingston filed a petition with the city council of Omaha for the purchase of the property in question; that in pursuance thereof the prayer of the petition was granted, and upon the payment of the purchase price, $450, a deed was duly executed by the mayor of said city and delivered to him. He testifies that his half brother, Thomas S. Livingston, paid one-half of the purchase price, and that the deed should have been taken in the joint names of himself

and Thomas S., but that the petition to the council was drawn in his name alone and the deed was filled out to correspond therewith; that upon taking the deed home and showing it to his father the latter was angry because it had not been taken in the joint names of Thomas and Theodore, and accused the latter of seeking to defraud his brother, which Theodore protested he did not intend to do, and that thereupon he proposed to his father to convey one-half of the premises to Thomas, but that it was finally arranged that he and Thomas should convey the property to their mother, Helen Livingston, and in pursuance of this arrangement the following deed was executed and delivered to her:

"Know all men by these presents, that we, Theodore C. Livingston and Thomas S. Livingston, of Omaha, for and in consideration of one dollar ($1), to me in hand paid by Helen Livingston, and the agreement and promise on her part to care for, feed, and assist in the maintenance of the two minor children of said Theodore C. Livingston, do hereby sell, convey, and forever quitclaim unto her, the said Helen C. Livingston, all the right, title, and interest that we, or either of us, have in and to the following described premises, to-wit: The E. $\frac{1}{2}$ of lot 6, block H, city of Omaha, county of Douglas, and state of Nebraska, together with all the appurtenances thereunto belonging, to her own use forever.

"Witness our hands this 15th day of January, A. D. 1880.                    Theodore C. Livingston.

"In presence of                    Thomas S. Livingston.

"C. A. Baldwin."

This deed was duly acknowledged and recorded. No consideration was paid however.

For some time prior to the execution of the deed, Benjamin F., the father of Thomas and Theodore, had lived on the premises in question with his wife Helen, and the two sons named made their home with them. Theodore had

two minor children, who were also members of the family. Thomas was about twenty-one years of age, and both Thomas and Theodore seem to have contributed to the support of the family in about equal proportions. No trouble seems to have been anticipated, and business affairs between the members of the family seem to have been conducted in that loose manner liable to exist where each member of the family trusts to the honor and integrity of every other member thereof. The sons seem to have been industrious, and, considering their means, provided liberally for the family. Not many months after the execution of the above deed, Benjamin F. and wife removed to Dakota territory, taking the children of Theodore with them, and the sons for some time continued to contribute toward the support of their father and mother. Theodore about this time took one of his children away from the care of the grand-parents, and afterwards reduced his contribution · for the support of his father and mother one-half.

After the removal of Benjamin F. and wife to Dakota, Theodore had requested Helen to reconvey the property to Thomas and him. This she delayed doing. Afterwards Thomas went to Dakota to see his father and mother, and then requested his mother to make the conveyance, saying, among other things, that Theodore desired to make some improvements on the property, but would not do so while the title continued in her name. She thereupon executed the following deed:

"Know all men by these presents, that Helen Livingston, of the county of Turner, in the territory of Dakota, in consideration of the sum of one dollar ($1), in hand paid by Thomas S. and Theodore C. Livingston, of the county of Douglas, and state of Nebraska, the receipt whereof is hereby acknowledged, do hereby grant, sell, and convey unto the said Thomas S. and Theodore C. Livingston, and their heirs and assigns, forever, all my right, title, and interest in and to the following property, situated

in the county of Douglas aforesaid, and described as follows: The east one-half of lot 6 of block H, city of Omaha, county of Douglas, and state of Nebraska; to have and to hold the same, together with all the hereditaments and appurtenances thereunto in anywise appertaining.

"Witness our hands and seals this 30th day of Sept., A. D. 1882.          HELEN LIVINGSTON.   [SEAL.]

"Signed and delivered in presence of

"VAH P. SHIELMAN.

"FRANK E. JONES."

This deed was duly acknowledged and delivered. No consideration was paid and it is claimed to be a deed of gift and that upon the death of Thomas the whole estate descended to the heirs of the full blood. Section 33 of chapter 23, Compiled Statutes, provides that "The degrees of kindred shall be computed according to the rule of the civil law; and kindred of the half blood shall inherit equally with those of the whole blood, in the same degree, unless the inheritance came to the intestate by descent, devise, or gift of some one of his ancestors, in which case all those who are not of the blood of such ancestor shall be excluded from such inheritance."

Mrs. Livingston, after stating that she thought Thomas had as good a right to the premises as Theodore, on cross-examination testifies as follows:

Q. How did you happen to make this deed back to them, anyway?

A. Because Theodore had written these letters to me, as I said before.

Q. And the time this was deeded back Thomas went up to Dakota?

A. Yes, sir.

Q. What did he come up there for?

A. He spoke to me and said Theodore wanted to put repairs on the house and wouldn't lay a dollar out unless

I deeded it back to him. He said to me whatever arrangement Theodore and I might make would be all right.

The Court: Who said that?

A. Thomas Livingston.

MR. POWELL : Didn't you state a minute ago that you never had any conversation with Thomas about deeding this back?

A. Not any here.

Q. You did have conversation with Thomas about deeding the land back?

A. Yes, sir, that much.

Q. That was what he went up to Dakota for?

A. He didn't claim so.

Q. He had no other business up there that you know of, did he?

A. He came up there to see his father and me, he said.

Q. He was particular to talk about this deed and about deeding it back?

A. Never, until the night he went away.

Q. He thought you had better deed it back?

A. He didn't say anything about it, whether I had better or not.

Q. What did he say about it?

A. He said Theodore wouldn't lay out another cent on it unless I would deed it to them.

Q. And he thought you had better deed it back?

A. He didn't say anything about that. He said whatever arrangements Theodore and I might make would be all right.

The clear weight of testimony thus establishes the fact that this property was bought and paid for by Thomas and Theodore jointly and that the title was placed by Theodore in the name of the mother, to be held by her to protect the interests of Thomas, and until other arrangements were made, and it was not reconveyed to Thomas and Theodore as a gift but because they were the owners

of the property; in other words, it was reconveyed because the property belonged to them and not because Mrs. Livingston desired to make them a present of it.

A gift is a voluntary conveyance not founded on the consideration of money or blood. (1 Bouv., Law Dict., 633; 2 Blackstone, Com., 316; Littleton, 59; Shep., Touch., C 11.)

In the case at bar there was a consideration for the deed, the actual ownership by the brothers of the property in question, and the deed, so far as appears, was made to place the legal as well as the equitable title in them.

The judgment of the court below, therefore, is unsupported by the evidence and is reversed and a decree will be entered in this court in conformity to this opinion.

JUDGMENT ACCORDINGLY.

THE other judges concur.